IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT FOULKS, ) | |
| ) | |
| Plaintiff, ) | No. 15 C 5130 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| WILLIAM RAINEY HARPER COMMUNITY ) | |
| COLLEGE (official capacity), THE BOARD OF ) | |
| TRUSTEES OF WILLIAM RAINEY HARPER ) | |
| COMMUNITY COLLEGE, COUNTY OF COOK ) | |
| and STATE OF ILLINOIS (official capacity), ) | |
| JUDITH MARWICK (official capacity and ) | |
| individual capacity), ASHLEY KNIGHT (official ) | |
| capacity and individual capacity), and LAURA ) | |
| BENNET (official capacity and individual capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Foulks filed a one-count amended complaint asserting a claim under 42 U.S.C. §§ 1983 and 1985. Plaintiff alleges that William Rainey Harper Community College ("Harper College"), The Board of Trustees of William Rainey Harper Community College, County of Cook and State of Illinois ("Board of Trustees"), Judith Marwick ("Marwick"), Ashley Knight ("Knight"), and Laura Bennett ("Bennett") violated his Fourteenth Amendment right to Procedural Due Process. Defendants filed the instant motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the following reasons, defendants' motion to dismiss is granted.

## **BACKGROUND**[1]

Plaintiff, a student at Harper College, alleges that on July 17, 2012, defendant Bennett, a Student Conduct Officer at Harper College, notified him that a student had filed a complaint against him concerning text messages that he had sent to the student. The student's complaint alleged that plaintiff's text messages violated the Student Code of Conduct and Dispute Resolution Procedures, which outline Harper College's "rights and responsibilities of membership" as applied to the college's "academic and social community." On October 1, 2012, plaintiff met with Bennett to discuss the student's complaint and his view of the events that led to the student's complaint. Plaintiff alleges that he repeatedly conveyed to Bennett that he had not violated the Student Code of Conduct and that Bennett developed personal animus against him, which improperly influenced her decision-making ability in reviewing the evidence related to the student complaint.

Plaintiff further alleges that Bennett "developed a predisposition" against him, which caused her to decide, prior to completing the investigation, that plaintiff violated the Student Code of Conduct and should be expelled. Plaintiff alleges that Bennett then decided to improperly influence all aspects of the subsequent investigation of the student complaint. According to plaintiff's complaint, Bennett sent a letter on October 17, 2012, advising plaintiff that she had followed up with individuals previously interviewed and had reviewed all the relevant information. Bennett provided plaintiff the opportunity to "informally" resolve the

---

[1] The following facts are taken from plaintiff's amended complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

matter without the need for a formal hearing. The informal resolution required plaintiff "to accept and admit responsibility for violations of the Student Conduct Policy," and provided for immediate expulsion. Plaintiff declined to take part in the informal hearing, and elected to participate in the formal hearing that the Student Code of Conduct provides for.

Plaintiff alleges that Harper College required him to submit documents and evidence he intended to use in rebuttal to the allegations against him by February 25, 2013, three days before Harper College provided him with the specific allegations against him. Plaintiff alleges that because he received notice of the full extent of the specific charges against him by way of a Hearing Packet on February 28, 2013, he was not able to provide complete and accurate rebuttal evidence prior to the formal hearing on March 6, 2013. Plaintiff further alleges that information and witness statements from at least two students included in the Hearing Packet were irrelevant to the allegations against him.

On March 6 and 14, 2013, Harper College's Resolution Board held a formal hearing regarding the student complaint against plaintiff. On March 18, 2013, the Resolution Board found that plaintiff had violated the Student Code of Conduct and expelled plaintiff from Harper College immediately. Notice of the Board's decision was sent via letter to plaintiff. According to the complaint, plaintiff was immediately and permanently banned from Harper College's campus.

Plaintiff subsequently discussed his desire to appeal the decision with the Dean of Student Affairs of Harper College, defendant Ashley Knight, who informed plaintiff in a letter dated May 13, 2013, that his appeal was denied. Plaintiff then advised Harper College Provost, Judith Marwick, of his intent to appeal the May 13, 2013 decision. On June 11, 2013, defendant

Marwick sent a letter to plaintiff, notifying him that his appeal had been denied and the decision was final. Plaintiff alleges that Marwick's decision was the final say concerning his expulsion. Plaintiff alleges that the Student Code of Conduct outlines procedures to conduct formal hearings, and therefore implies that students have a property interest and right to a post-secondary education. Plaintiff further alleges that "defendants' actions caused [him] to be deprived of due process of the law."

## DISCUSSION

I. **Legal Standards**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**II.     Analysis**

Defendants argue that plaintiff's amended complaint should be dismissed because it fails to allege facts sufficient to satisfy the elements of a section 1983 claim. To establish a claim under 42 U.S.C. § 1983, a plaintiff must "establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999). Defendants argue "[p]laintiff has not alleged facts that when taken as true would establish that he had an identified property right which he was deprived of without being afforded due process of law." Defendants contend that plaintiff "'baldly asserts that '[he] has a property interest in his continued education at Harper College,' and that '[t]he Student Code of Conduct therefore implies that students have a property interest and right to a continuing education.'"

It is well recognized that "our circuit has rejected the proposition that an individual has a stand-alone property interest in an education at a state university, including a graduate education." Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago, 741 F.3d 769, 772 (7th Cir. 2013). While plaintiff does not have a stand-alone property interest in his continuing education at Harper College, he can satisfy the first element of the section 1983 claim by establishing that he has a "legally protected entitlement to his continued education at the university." Id. at 773. (Emphasis included). To make such a showing, plaintiff must establish "that an implied contract existed between himself and the university that entitled [him] to a specific right, such as the right to a continuing education." Bissessur v. Indiana Univ. Bd. of Trustees, 581 F.3d 599, 601 (7th Cir. 2009). It is not enough simply to plead the existence of the

contract; plaintiff must "be specific about the source of this implied contract, the exact promises the university made to [him], and the promises [he] made in return." Charleston, 741 F.3d at 773.

Plaintiff argues that the college's Student Code of Conduct is the source of the implied contract between him and Harper College. Plaintiff argues that "the Student Code of Conduct outlines the procedures to be followed by Harper College during formal hearings," and "therefore implies that students have a property interest and a right to a continuing education." Plaintiff's position "reveals that [he] is not asserting an interest in continuing [his] graduate education," but rather "asserts an interest in [his] allegedly contractually-guaranteed rights to university process prior to being dismissed." Sung Park v. Indiana University School of Dentistry, 692 F.3d 828, 832 (7th Cir. 2012). However, as stated by the Seventh Circuit, "[t]he Supreme Court has emphasized that the federal Constitution's due process clause does not protect an interest in other process." Id. at 832.

Plaintiff's allegations are similar to the plaintiff's claims in Charleston, where the student "seem[ed] to be claiming that the school promised him the procedures set out in the university's disciplinary policy." 741 F.3d at 773. (emphasis included). In Charleston, as here, the plaintiff complained that the defendant medical school "failed to comply with its own policies and due process protections set forth in its Student Disciplinary Policy." Id. The fact that plaintiff's complaint "specifically identifies each of the provisions within the Student Code of Conduct that created the implied contract," does not materially distinguish this case from Charleston. Moreover, plaintiff has not cited any case in which a plaintiff student successfully established an implied contract with a school that created the existence of a legally protected entitlement to post-secondary education.

Instead, Plaintiff alleges the Student Code of Conduct at Harper College promised him certain rights by outlining the appropriate disciplinary procedures. The Seventh Circuit has "rejected similar claims of an 'interest in contractually-guaranteed university process' many times, see, e.g., Park v. Indiana University School of Dentistry, 692 F.3d 828, 832 (7th Cir. 2012), but we will be clear once more: a plaintiff does not have a federal constitutional right to state-mandated process." Charleston, 741 F.3d at 773. The Seventh Circuit has also indicated "[a]s we tirelessly but unavailingly remind counsel in this court, a violation of state law . . . is not a denial of due process, even if the state law confers a procedural right." Osteen v. Henley, 13 F.3d 221, 225 (7th Cir. 1993). If defendants did not afford plaintiff the appropriate disciplinary procedures as outlined in Harper College's Student Code of Conduct, "[i]t may have been unfair for the university not to follow its own procedures . . . but it was not unconstitutional." Id. at 774. Therefore, plaintiff's amended complaint fails to establish a property interest in post-secondary education, and is dismissed for failure to state a claim under 42 U.S.C. § 1983.[2]

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted.

**ENTER:** **March 22, 2016**

_____

**Robert W. Gettleman**
**United States District Judge**

---

[2] Because plaintiff has not established a property interest in post-secondary education, the Court does not reach the issue of qualified immunity.

7